**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

In re: Vicky Rodríguez-Torres
Debtor

09-10864-BKT7
Chapter 7

## MOTION TO COMPEL TRUSTEE TO BRING SUIT AS REAL PARTY IN INTEREST

Debtor Vicky Rodríguez-Torres, by and through her undersigned counsel, hereby moves this Honorable Court as follows:

1. Debtor filed *Schedule B – Personal Property*, disclosing as a contingent asset a cause of action she had initiated in the US District Court, 09-1151-JP. See: **Exhibit 1**, line 21.

2. On April 3rd, 2010, Debtor appeared before Trustee Wigberto Lugo-Mender at the *§ 341 Creditors' Meeting*, where she brought to the attention of the Trustee a second cause of action she had initiated in the US District Court. Debtor does not presently recall, and the undersigned was not present at the *§ 341 Meeting* to be able to assert either way, but from the language of the Trustee's minutes for the meeting, it does also appear that Debtor disclosed the existence of other state court causes of action which had not been valued for purposes of *Schedule B*. See: **Exhibit 2**, *"Debtor to turn over to Trustee within _____ days . . . Request documents on state court case and copy of credit report . . ."*.

1

3. The undersigned did deliver to the attention of the Trustee copies of both complaints filed by Debtor in the US District Court, 09-1151-JP, and 09-2199-FAB. <u>See</u>: **Exhibit 3** and **Exhibit 4**, respectively. The District Court subsequently granted summary judgment in favor of defendants in case 09-1151-JP, and Debtor, together with other plaintiffs/appellants who did not join Debtor in the instant petition and are therefore not under the jurisdiction of this Honorable Court, promptly filed a *Notice of Appeal* on March 9th, 2010. <u>See</u>: **Exhibit 5**. However, as the undersigned is not admitted to practice before Puerto Rico state courts, he has had no participation in any state court cases involving Debtor, and is therefore unaware of whether or not Debtor, directly or through counsel, did in fact relay any court case documentation to the attention of the Trustee. The undersigned has inquired to this effect with the Trustee. <u>See</u>: **Exhibit 6**.

4. In any event, notwithstanding that the above contingent assets were openly disclosed and brought to the Trustee's attention, and notwithstanding that Trustee did not expressly abandon such property, the instant petition was valued as a *"Non Asset Case"*, as set forth in Trustee's *Notice Of Abandonment Of Property,* **Doc.# 33**.

5. The above appeal, 1st Circuit Court of Appeals case 10-1441, as well as the aforementioned District Court case 09-2199-FAB, nevertheless, were brought subsequent to the filing of the instant petition, and

therefore constitute contingent assets of the bankruptcy estate, pursuant to **11 U.S.C. § 541**. Debtor's property interest in appeal 10-1441 and case 09-2199-FAB, consequently, have to be represented by the bankruptcy Trustee. The undersigned, however, through and by his own mistake attributable only to him, and to no fault of Debtor, designated Debtor as the real party in interest in appeal 10-1441 and case 09-2199-FAB, and omitted the Honorable Trustee assigned to manage Debtor's estate, Wigberto Lugo-Mender.

6. The undersigned submits to this Honorable Court that the above real party in interest designations are easily rectifiable in appeal 10-1441 through a **Fed. R. App. P. 43(b)** *Motion to Substitute Party*, and in case 09-2199-FAB through a **Fed. R. Civ. P. 17(a)** *Motion to Substitute Party*. The undersigned further submits that both causes of action have also been brought and are being pursued by other parties whose causes of action are unaffected by the present petition, such that, regardless of whether or not Debtor's property interest is abandoned or pursued by Trustee, or even dismissed by competent authority, both cases will continue their due course.

7. Consequently, after the instant petition has been reopened, pursuant to this Courts' Order as set forth in **Doc.# 58**, Debtor's property interests which were not expressly abandoned in **Doc.# 33** are now ripe for being pursued and administered by Trustee. Alternatively, Debtor's property interests could be abandoned, and Debtor allowed

to pursue such claims on her own. See: *DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins.*, 448 F.3d 460, 463-64 (1st Cir., 2006).

**WHEREFORE**, for all of the above, Debtor prays that this Honorable Court:

**GRANT** Debtor leave to amend the instant petition bankruptcy schedules to include all information regarding the claims timely and properly disclosed to Trustee as laid out above, but not expressly abandoned in Trustee's *Notice Of Abandonment Of Property,* **Doc.# 33**;

**ORDER** Trustee to appear in 1st Circuit Court of Appeals case 10-1441, and District Court case 09-2199-FAB, in pursuit of Debtor's property interest.

Or alternatively:

**ORDER** Trustee to expressly ABANDON Debtor's property interest in both cases;

**GRANT** Debtor leave to pursue the above property interests on her own.

**Respectfully submitted in New York, New York, this 19th day of July, 2010.**

S/William Meléndez-Menéndez
William Meléndez-Menéndez
USDC-PR No. 226902

Cuadros & Cuadros
410 Park Ave. Suite # 1223, New York, New York 10022
We.Melendez@e-Lex.us
(718)725-7387

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 19th, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in interest.

**In New York, New York, this 19th day of July, 2010.**

**S/William Meléndez-Menéndez**
William Meléndez-Menéndez
USDC-PR No. 226902
Cuadros & Cuadros
410 Park Ave. Suite # 1223, New York, New York 10022
We.Melendez@e-Lex.us
(718)725-7387