```
UNITED STATES BANKRUPTCY COURT
      DISTRICT OF PUERTO RICO
```

| IN RE: | Bankruptcy No.: 09-10864-BKT7 |
|---|---|
| VICKY RODRÍGUEZ TORRES | Chapter 7 |
| Debtor | |

### MOTION FOR SANCTIONS AGAINST DEBTOR AND/OR HER COUNSEL PURSUANT TO FED.R.BANKR.P. 9011(b), 9011(c)(1)(A) AND 11 USC § 707(b)(4)(C)

TO THE HONORABLE BRIAN K. TESTER,
U.S. BANKRUPTCY JUDGE:

Government Development Bank ("GDB"), creditor and party-in-interest herein, through counsel, respectfully files this Motion for Sanctions against Vicky Rodriguez ("Rodriguez" or the "Debtor") and her legal representative ("Debtor's Counsel"), as follows:

Throughout this proceeding, Debtor and her counsel have engaged in sanctionable conduct aimed at concealing assets from the bankruptcy estate, by failing to disclose information related to the certain lawsuits filed by the Debtor against the GDB and Eurobank, failing to comply with noticing requirements, and filing frivolous, repetitive actions against the GDB, after GDB revealed Debtor's improper conduct to this Court and the US Trustee Office took action to condemn the same. *See*, GDB's *Objection to the Trustee's Report* (Docket no. 48) and GDB's *Motion to Vacate Order*, Docket no. 49 (wherein the GDB informs the court of Debtor's conduct); *Complaint* filed by UST Donald F. Walton against the Debtor for revocation of discharge, Adv. Proc. No. 10-00128, Docket no. 66; GDB's *Informative Motion*, Docket no. 90 (informing the court that the Debtor had filed a third charge of discrimination before

the EEOC on August 18, 2010 purportedly related to her discrimination from employment); and Debtor's *Complaint* against the GDB et al., Adv. Proc. No. 10-00137, Docket no. 70. This abusive practice denotes a complete disregard of the bankruptcy process, and should be sanctioned as set forth herein.

First, Debtor's counsel action violates Section 707(b)(4)(C) of the Bankruptcy Code, which provides that "the signature of an attorney on a petition, pleading, or written motion is a certification that the attorney has performed a reasonable investigation into the circumstances giving rise to petition, pleading, or written motion; has determined that it is well grounded in fact; and has determined that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and does not constitute an "abuse" under paragraph (707)(b)(1). In *In re Griffin*, 330 B.R. 737 (W.D. Ark. 2005), the court imposed sanctions against Debtor's counsel after holding that that Debtor's counsel have Fed. R. Bankr. P. 9011 obligations, even with respect to a Debtor's schedules, statement of affairs, and other documents disclosing assets, which Debtor--but not counsel--are required to sign.

In the case at bar, Debtor omitted the $1.3 million claim she is currently asserting in the case captioned *Vicky Rodríguez, et al. v. Government Development Bank, et al.*, 09-2199 (FAB) ("Rodriguez II") from Schedule B and the Statement of Financial Affairs. She also omitted the administrative claim for back-pay

and reinstatement, which is currently pending before an Official Examiner (the "Administrative Case"). Further, Debtor omitted the state court action captioned *Luis R. Maldonado Vaillant y Vicky Rodríguez Torres v.* Eurobank, Civil Case no. KPE08-0872, before the Puerto Rico Court of First Instance, San Juan Superior Court (the "State Court Action"). Although Debtor's counsel averred in Docket no. 62 that he is "is… unaware of whether or not Debtor, directly or through him, … relay any court case documentation" related to the state court cases to the Chapter 7 trustee because he "is not admitted to practice before Puerto Rico state courts, [and] had no participation in any state court cases involving the Debtor…", the fact is that Debtor's counsel was well aware of the State Court Case because said actions had been the subject of discovery and extensive motion practice in the case captioned *Vicky Rodríguez Torres, et al. v. Government Development Bank of Puerto Rico, et al.*, Case no. 09-1151 (JP) ("Rodriguez I"), before the U.S. District Court for the District of Puerto Rico, wherein he had represented the Debtor.[1] Similarly, Debtor's Counsel was well aware

---

[1] *See*, GDB's *Motion Requesting Attorneys' Fees Pursuant to Rule 54(d)(2) and 28 U.S.C. § 1927 and Memorandum of Law in Support*, Rodriguez I, Docket no. 272 at 7 (holding that "during defendants' preparation for plaintiffs' depositions they became aware of the existence of additional claims filed by plaintiff Rodriguez against different organizations, to wit… Eurobank"); GDB's *Motion to Compel Responses to Defendants' Second Request for Production of Documents*, Rodriguez I, Docket no. 223 at 2 (holding that "plaintiffs' lawsuit against Eurobank [is] currently pending before Puerto Rico's Court of First Instance… [and that] [t]his lawsuit was filed on March 6, 2008, and amongst other remedies, requests compensation for alleged emotional damages caused by Eurobank's discriminatory termination of co-plaintiff Luis Maldonado"); GDB's *Motion Requesting Orders*, Rodriguez I, Docket no. 154, at 5 & 7 (holding that "Rodriguez admitted that she is also suing Eurobank before Puerto Rico's Court of First Instance as co-plaintiff" and requested the Court to order Rodriguez to "[p]rovide to defendants copy of any answer to discovery, statements or deposition transcription provided in context of her lawsuit against Eurobank").

of the Administrative Case since he had attended hearings in the Administrative Case although he was not the attorney of record therein. Thus, Debtor's Counsel cannot shield himself from the statutory requirements of 11 U.S.C. § 707(b)(4)(C) by alleging that he is not admitted before the Puerto Rico state court, and/or inferring that the Debtor mentioned the referred actions at the section 341 meeting from the minutes of the meeting as he asserted in Docket no. 62, despite the fact that a review of the recording which is readily available from the US Trustee Office shows that the Debtor failed to mention the State Court Action and the Administrative Case at the Section 341 meeting. See Docket no. 62 at 1-2. An Uncertified Transcript of the Section 341 Meeting is attached hereto as **Exhibit A**.[2]

Second, Debtor's actions violate Fed.R.Bankr.P. 9011(b), which allows the imposition of sanctions against any party or attorney who, *inter alia,* signs, or otherwise affirms or advocates, a document (i) for any improper purpose, (ii) asserting factual contentions lacking evidentiary support, or (iii) denying factual contentions not warranted on the evidence. More specifically, Fed.R.Bankr.P. 9011 imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics. *See*, e.g., *In re Hill*, 377 B.R. 8 (Bankr. D. Conn. 2007).

---

[2] To reduce expenses, GDB requests leave of this Court to submit the document in Spanish since the section 341 meeting took place in Spanish and the Debtor has personal knowledge of what's stated in the referred exhibit, since the Debtor was the party testifying therein.

A review of Debtor's amended schedules reveals that Debtor included the GDB as a creditor for the first time on February 15, 2010 (that is, after the 341 creditors' meeting) for a debt in the amount of $1,025.11.  See Dkt. 34, Exh. 1.  Debtor and/or her counsel, however, failed to comply with the noticing requirements set forth in Local Rule 1009-1(a),(b) and (c) of the Bankrupcty Court which requires the Debtor to serve copies of amendments on any previously omitted creditor. It is not until after May 23, 2010, after the trustee filed his report of no distribution that the GDB is first notified of Rodríguez chapter 7 proceedings.  The GDB received the notice on May 26, 2010, the very same day the discharge order was entered.  Thus, the extent of Debtor's concealment was such that the GDB was effectively precluded from participating in bankruptcy proceedings, as was its right and, ostensibly, bring Debtor's misrepresentations to light before the discharge.  Debtor's duplicity has been directly detrimental to the GDB, who has been forced to continue to incur in substantial litigation costs before this Court as well as the District Court and the Court of Appeals.

As if that were not enough, even after being revealed, Debtor has continued to prosecute and present new causes of action which properly belong to the estate, notwithstanding her lack of standing, effectively playing fast and loose with the federal courts system.  She continues to do so, and, yet again, has failed to schedule these, even after the Office of the U.S. Trustee filed

an adversary proceeding against the Debtor because of her initial failure to disclose and schedule all her unliquidated claims.

Debtor's and her counsel's conduct has not only resulted in the unreasonable multiplication of proceedings and harassment of the GDB as creditor, but the filing of new claims before this and other federal fora has effectively interfered with good faith negotiations between the GDB and the chapter 7 trustee—negotiations entered into for the benefit of the estate and all creditors. Not only have plaintiff and her counsel failed to properly schedule these new "causes of action," but their actions, in effect, render the "unliquidated claims" portion of Debtor's estate a "moving target" beyond the trustee's control.

The record shows there is no end to the lengths to which Debtor and her counsel have gone to hide assets and prevent the chapter 7 trustee from exercising control of these unliquidated claims. Failing to schedule two civil actions was just the first example. Once her concealment was revealed, Debtor filed motions to compel before the Bankruptcy Court to compel the trustee to appear in the pending actions only to then move to convert the case to Chapter 11. She simultaneously filed a notice to that end before District Court notwithstanding the fact that such conversion had not been granted (and was, in fact, subsequently denied by this Court). She filed notices of removal before the District Court when threatened with sanctions because of her lack of disclosures and standing, she argued to the trustee's counsel that the trustee

did not have jurisdiction to settle the Rodríguez' cases because the bankruptcy case had been automatically converted to chapter 11. She filed adversary proceedings against the GDB, two of its officers and attorney Mariela Rexach, lead counsel for the GDB in all matters Rodríguez has filed against the GDB, in what can only be construed as "pay-back" for revealing her concealment to the Bankruptcy Court. Notably, this adversary proceeding relates to matters already resolved against her in her in *Rodríguez v. Government Development Bank*, 09-1151 (JP) ("Rodríguez I") and which are currently pending before the United States Court of Appeals for the First Circuit pursuant the appeal Debtor filed without standing (and which is currently stayed). More recently Rodríguez filed a further discrimination charge before the EEOC which relates to the same conduct already before the Honorable Judge Besosa's consideration. These antics have increased the cost of litigation to such a degree that a reasonable settlement with the chapter 7 trustee has become impossible notwithstanding the undersigned and the trustee's best efforts. Debtor and her counsel have complicated these proceedings beyond control to the detriment of the bankruptcy estate, and solely for the benefit of the Debtor who is simply waiting for the trustee to abandon the property in order to continue to engage in vexatious and harassing conduct against the GDB.

It is notable that that the adversary proceeding filed by the GDB against Debtor docketed as Adversary Proceeding no. 10-

00139(BKT), relates to precisely this kind of vexatious conduct. The GDB has already dealt with these antics in the Rodríguez I case. It ultimately prevailed on the merits of the case and then prevailed on a motion for sanctions. The adversary proceeding is meant to protect the GDB's interest in these moneys as non-dischargeable debt. The fact remains, however, that those sanctions have served no deterrent purpose as Debtor and her attorneys continue the same pattern of abuse.

In view of the foregoing, the GDB urges the Court to take affirmative steps to prevent this abuse of process and sanction the Debtor and/or her counsel as it deems appropriate in order to preclude further conduct on this kind and order reimbursement of the reasonable attorneys' fees and costs incurred by the GDB because of their actions.

**WHEREFORE**, the Government Development Bank respectfully requests that this Court enter orders sanctioning Debtor and/or her attorney, William Melendez-Menéndez, awarding the GDB the reasonable attorney's fees and costs incurred as a result of their violation of Fed.R.Bankr.P. 9011 and 11 U.S.C. § 707(b)(4)(C), and any other relief as may be just.

In San Juan, Puerto Rico, this 13th day of September 2010.

    */s/ Sonia E. Colón*
SONIA E. COLÓN
USDC No. 213809
P.O. Box 621597
Orlando, Florida 32862-1597
Telephone: 407-574-8272
Facsimile: 888-537-4536
E-mail: Sonia@soniacolonlaw.com

-and-

*/s/Magda Mariela Rexach-Rexach*
MAGDA MARIELA REXACH-REXACH
USDC No. 214110
SCHUSTER AGUILÓ LLP
221 Ponce de León Avenue
15th Floor
San Juan, P.R.  00917-3128
Telephone: (787) 765-4646
Facsimile: (787) 765-4611
Email: mrexach@salawpr.com

Counsel for the Government Development Bank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants, and caused it to be served on the next business day using certified mail via a third party court authorized noticing provider BK Attorney Services to: William Meléndez, Esq., 410 Park Avenue 15th Floor #1223, New York, NY  10022, and Ms. Vicky Rodríguez Torres, 650 Sergio Cuevas, Apartamento 1911, San Juan, Puerto Rico  00918.

*s/Sonia E. Colon*