# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: Vicky Rodríguez-Torres<br>Debtor | **09-10864-BKT7**<br>**Chapter 7** |

## MOTION IN COMPLIANCE WITH ORDER ECF No. 94

TO THE HONORABLE COURT:

Now comes Debtor, through the undersigned attorney, in compliance with the Court's Order as set forth in **ECF No. 94**, and responds to creditor Government Development Bank for Puerto Rico's(**GDB**)*Motion to Inform*, **ECF No. 90**, as follows:

1. GDB summoned Debtor to a disciplinary hearing on August 31st, 2009, while she was still their employee. See: GDB'S "*Objection To The Chapter 7 Trustee's Report Of No Distribution And Notice Thereof*", **ECF No. 52**, Exhibit 1, **ECF No. 52-1**, at ¶ **11**.

2. Debtor filed a charge of discrimination before the EEOC on September 4th, 2009, and the EEOC issued the corresponding right to sue letter on October 22nd, 2009. See: **ECF No. 52-1**, at ¶ **12**.

3. The basis of Debtor's charge of discrimination was solely based on her being subject to the aforementioned disciplinary proceeding, in retaliation for her bringing suit against GDB in case 09-01151-JP. Accordingly, said charge of discrimination did not include any mention, reference, or sought relief from a retaliatory discharge from employment.

4. Debtor was eventually discharged from employment on November 10th, 2009, when she had already filed her charge of discrimination, and was in position of a right to sue letter from the EEOC. See: **ECF No. 52-1**, at ¶ **13**.

5. Debtor notified GDB that she would be seeking administrative review of her termination on November 23rd, 2009. See: **ECF No. 52-1**, at ¶ **14**.

6. Debtor also filed a second employment discrimination cause of action against GDB on November 25th, 2009, 09-02199-FAB. See: **ECF No. 52-1**, at ¶ **15**. The sole basis for this cause of action was her being subject to the aforementioned disciplinary proceeding, in retaliation for her bringing suit against GDB in case 09-01151-JP. In support of her claim, Debtor filed the right to sue letter issued by the EEOC on October 22nd, 2009, prior to her termination, which did not occur until November 10th, 2010.

7. Debtor in seeking relief for her unlawful termination, continued to pursue and exhaust the administrative remedy. Accordingly, the second case Debtor had brought against GDB (09-02199-FAB), did not define within its relevant time period any events occurring after the disciplinary proceeding GDB had initiated against her had concluded with her termination, on November 10th, 2009. See: **Exhibit 1**, *Plaintiffs' Case Management Memorandum,* 09-02199-FAB, **ECF no. 36**, at ¶¶ **14 – 39**.

8. Also consistent with her position of withholding the causes of action arising out of Debtor's unlawful termination until final resolution of the administrative review of the termination, case 09-02199-FAB did not seek relief from other Puerto Rico Commonwealth statutes, such as, for instance, *Law 80* - **29 L.P.R.A. §185a** - which provides for statutory separation pay.

9. The administrative review of Debtor's termination, notwithstanding all of the above, has not proven to be an expedited administrative remedy, and to this date Debtor is not aware of its final adjudication, if in fact the case has reached that stage yet.

10. On the other hand, as the administrative review continued to become an increasingly protracted proceeding, Debtor was fast approaching the 300-day mark that establishes the statute of limitations for bringing suit for the **Title VII** causes of action arising out of her termination on November 10th, 2009. Accordingly, and in order to preserve her right to seek such relief, Debtor filed another charge of discrimination against GDB with the EEOC, and has effectively and finally obtained a right to sue letter to seek relief for said termination.

11. Consequently, GDB's contention that Debtor's termination is already before the court in case 09-02199-FAB is misplaced, and misleading to this Court.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Debtor respectfully requests that this Honorable Court:

**STRIKE** from the record GDB's *Motion to Inform*, **ECF No. 90**.

**ORDER** GDB to pay Debtor attorney's fees related to the filing of this motion.

**Submitted** in New York, New York, this 24th day of September, 2010.

**S/William E. Meléndez Menéndez**
**William E. Meléndez Menéndez**
USDC PR No. 226902

Attorney for Debtor
410 Park Avenue 15th Floor, Suite # 1233
New York, New York 10022
Tel. (718) 725-7387
We.Melendez@e-Lex.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in interest.

**In New York, New York, this 24th day of September, 2010**.

**S/William E. Meléndez Menéndez**
**William E. Meléndez Menéndez**
USDC PR No. 226902