IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>VICKY RODRIGUEZ TORRES<br><br>DEBTOR | CASE NO. 09-10864 BKT<br><br>CHAPTER 7<br>NO ASSET CASE |

### TRUSTEE'S ANSWER TO ORDER TO SHOW CAUSE

**TO THE HONORABLE COURT**:

    **COMES NOW**, Wigberto Lugo Mender as Trustee for the Estate of Vicky Rodriguez Torres, through the undersigned legal counsel which respectfully **STATES** and **PRAYS** as follows:

### PROCEDURAL BACKGROUND

1. On December 19th, 2009, debtor Vicky Rodriguez-Torres filed a voluntary petition under Chapter 7 of the Bankruptcy Code before the Bankruptcy Court District Court of Puerto Rico. (Docket 1)

2. On December 21, 2009, Wigberto Lugo-Mender, Esq. was appointed trustee of Vicky Rodriguez-Torres Estate's bankruptcy proceedings (Docket 6).

3. On July 20, 2010, Debtor filed a "Motion to Compel Trustee to Bring Suit as Real Party of Interest" (Docket 62)

4. On August 2, 2010, this Honorable Court filed Order instructing Trustee to respond to Debtor's Motion to Compel (Docket 65).

5. On August 9, 2010 an Application for Appointment of Special Attorney for the Estate for the undersigned Law Firm was filed by the Trustee. (Docket 71)

6. On August 16, 2010, the undersigned law firm filed a "Motion Requesting Extension of Time" informing this Honorable Court that the Chapter 7 Trustee needed additional time to reply to

Debtors Motion to Compel (Docket 62), Order to Respond (Docket 65) and to evaluate and possibly negotiate a proposed settlement offer received from the defendant (Government Development Bank "GDB") in employment discrimination and retaliation/employment termination complaints that the debtor had filed. (Docket 78).

7. On August 23, 2010, this Honorable Court granted Trustee's Motion Requesting Extension for Time of thirty days. (Docket 86).

8. On October 21, 2010 this Honorable Court filed Order for Trustee to Show Cause regarding Docket 62 (Docket 110).

## TRUSTEE'S POSITION

9. On September 15, 2010, the undersigned law firm filed an "Opposition to Debtor's Motion to Compel Proof of Authorization, Reply to GDB'S Informative motion and Request for Sanctions" (Docket 98). In said Opposition the undersigned law firm refers to Docket 86 Motion for Extension of Time filed before this Honorable Court and proceeds to describe Trustee's Position regarding various motions filed by Debtor and by GDB.

10. On the same day, September 15, 2010, Wigberto Lugo Mender Chapter 7 Trustee for the above captioned case for the Estate of Vicky Rodriguez Torres filed a Notice of Abandonment (Scheduled Causes of Actions) (Docket 99) where he states:

> Notice pursuant to 11 U.S.C. Section 554(a) is hereby given as to the undersigned trustee's intention to abandon estate property as detailed below:
> a) Case before U.S. District Court of Puerto Rico docketed as Vicky Rodriguez Torres et al v. Government Development Bank Puerto Rico, Guillermo Camba Casas Civil No. 09-1151 JP, currently under Appeal before the U.S. Circuit Court of Appeal for the First Circuit 10-1441. This case was not listed in debtor's schedules but the trustee has become aware of the prosecution of this case.
> b) Case before U.S. District Court of Puerto Rico docketed as Vicky Rodriguez Torres et al v. Government Development Bank Puerto Rico, Guillermo Camba Casas Civil No. 09-2199 FAB.

Case:09-10864-BKT7 Doc#:114 Filed:10/25/10 Entered:10/25/10 15:04:28 Desc: Main
Document Page 3 of 7

TRUSTEE'S MOTION TO SHOW CAUSE
VICKY RODRIGUEZ TORRES
CASE NO. 09-10864 BKT
PAGE #3

11. Trustee also mentions in said Notice (Docket 99):

> 3. In summary, after due consideration of the limited evidence made available to the trustee hinders any feasible proposal to put and end to this disgruntled litigation. Litigation expenses combined with the advanced stage of ongoing litigation leading to the dismissal of the causes of action erode any possibilities for the estate to continue working in these cases.
>
> 4. Moreover, debtor has failed to disclose in the schedules relevant information as to all potential causes of action against GDB. Absent adequate information from the part of the debtor, there is no much to administer by the undersigned trustee.

12. In Debtor's Motion to Compel Trustee to bring suit as Real Party in Interest (Docket 62), Debtor makes some allegations about the information he told the trustee about some cases debtor filed against GDB in the US district Court.

13. In Trustee's Notice for Abandonment of Property, Trustee answered debtor's question when he said "debtor has failed to disclose in the schedules relevant information as to all potential causes of action against GDB. Absent adequate information from the part of the debtor, there is no much to administer by the undersigned trustee" (Docket 99).

14. In Docket 87, Chapter 7 Trustee's Opposition to notice of conversion to Chapter 11 (Docket 79) and amendments to Sofa and Schedule B (Docket 63), Trustee answered the Motion to Compel Trustee to Bring Suit as Real Party in Interest (Docket 62) but did not mention that docket by omission.

> "9. On January 9, 2010, the debtor listed as her only claim, a $30,000.00 "Employment Discrimination Claim" case number 09-01151-JP before the United States Federal Court District of Puerto Rico (valued at defendant's last settlement offer), on Schedule B to the Chapter 7 Petition. It now becomes evident that in this complaint, the plaintiff (now debtor), had claimed damages in the amount of $600,000.00 for medical expenses and physical pain, as well as $800,000.00 for psychological pain and anguish.
>
> 10. During the Section 341 Creditors Meeting held on February 3, 2010, the debtor mentioned the existence of an already filed complaint described as an "Employment Retaliation Claim". The debtor was

Case:09-10864-BKT7 Doc#:114 Filed:10/25/10 Entered:10/25/10 15:04:28 Desc: Main
Document Page 4 of 7

TRUSTEE'S MOTION TO SHOW CAUSE

VICKY RODRIGUEZ TORRES
CASE NO. 09-10864 BKT
PAGE #4

instructed to amend the schedules and provide copies of the file. Copies of the two District Court complaints were provided, however, the debtor did not include case number 09-02199 (FAB) in her amended schedule filed on February 15, 2010.

11. On February 10, 2010, the debtor filed an Administrative Complaint before her former employer, Government Development Bank (GDB), requesting back-pay and reinstatement. Five days later, the debtor amended Schedule B but failed to include this administrative complaint as part of the listed claims.

12. As mentioned above, on February 15, 2010, the debtor amended Schedule B of her petition among other amendments. At this time, even though the same attorney that filed the Bankruptcy Petition had already filed a different complaint for a different cause of action[3], case number 09-02199-FAB before the United States Federal Court District of Puerto Rico, the debtor also failed to list this second civil complaint on the amended Schedule.

13. On this second civil complaint the plaintiff, now debtor, claimed damages in the amount of $600,000.00 for medical expenses and physical pain, as well as $800,000.00 for psychological pain and anguish, and an undetermined sum for back pay, front pay, plus punitive damages, costs and attorney's fees.

14. The debtor's first complaint (case number 09-01151) before the Honorable United States District Court for the District of Puerto Rico was dismissed. This decision was subsequently appealed before the Honorable United States Court of Appeals for the First Circuit (case number 10-1441); the decision is still pending, awaiting a request to reconsider imposed attorney's fees before the District Court for the District of Puerto Rico.

15. The debtor willfully omitted listing her contingent complaint in case number 09-2199 (FAB), her Administrative Complaint before her former employer GDB, as well as seriously undervalued her contingent complaint in case number 09-1151 (JP) (listed value as $30,000.00 while claiming $1,400,000.00 on the complaint). The intentional concealment of these various complaints prejudiced the Trustee's administration of the case in detriment of the creditors. It caused Chapter 7 Trustee to file a "Trustee's Report of No Distribution". Such report later had to be withdrawn upon the discovery of the additional complaints.

16. On July 19, 2010, the Honorable United States Court of Appeals for the First Circuit issued an Order that requested, *inter alia,* that the debtor

Case:09-10864-BKT7 Doc#:114 Filed:10/25/10 Entered:10/25/10 15:04:28 Desc: Main
Document Page 5 of 7

TRUSTEE'S MOTION TO SHOW CAUSE

VICKY RODRIGUEZ TORRES
CASE NO. 09-10864 BKT
PAGE #5

explain why they had failed to inform both, the District Court, and the First Circuit, of the bankruptcy filing.

17. On August 2, 2010 the debtor tried to mislead the Honorable United States Court of Appeals for the First Circuit by requesting leave from the Court to substitute Trustee Wigberto Lugo-Mender for Vicky Rodriguez (debtor) as an appellant and real Party in interest (see Motion in Compliance, Document number 00116094088, case number 10-1441 before the United States Court of Appeals for the First Circuit). This request was not authorized by Trustee Lugo-Mender.

18. On the same date as above, the debtor attempts to mislead the Honorable United States District Court for the District of Puerto Rico on case number 09-01151-JP, by filing a motion named "Informing Fed. R. Civ. P. 17(a); FRAP 43(b) **Motion to Substitute Party**" (Dkt. 296) (emphasis added), and on case number 09-02199-FAB by filing a motion named "Informing Fed. R. Civ. P. 17(a) **Motion to Substitute Party"** (Dkt. 97) (emphasis added)**.** Both of these motions to "substitute party", were not authorized by the Chapter 7 Trustee.

19. Also, on August 2, 2010, the debtor attempted to amend her Statement of Financial Affairs and Schedule B, so as to include all her civil and administrative complaints (Dkt. #63).

20. On August 9, 2010, requested the employment of the undersigned law firm, to help him asses all the debtor's contingent complaints, for his intervention in benefit of the estate.

21. On August 20, 2010, the undersigned attorneys attended a scheduled pre-trial administrative proceeding before the debtor's former employer GDB, with the intention of evaluating the evidence from both the plaintiff and the defendant, so as to suggest the best course of action for the Chapter 7 Trustee. Neither the plaintiff, (now debtor), nor her legal representative, attended the hearing.

22. Chapter 7 trustee Wigberto Lugo Mender, respectfully opposes the amendment of the debtor's Statement of Financial Affairs, Schedule B (Dkt. #63) and the Notice of Conversion (Dkt. #79)."

15. It is evident that Docket 87 "*Chapter 7 Trustee's Opposition to notice of conversion to Chapter 11 (Docket 79 and amendments to Sofa and Schedule B Docket 63 Trustee*" answered docket 62 and 63 but the undersigned failed to mention in this motion docket 62.

Case:09-10864-BKT7 Doc#:114 Filed:10/25/10 Entered:10/25/10 15:04:28 Desc: Main
Document Page 6 of 7

TRUSTEE'S MOTION TO SHOW CAUSE

VICKY RODRIGUEZ TORRES
CASE NO. 09-10864 BKT
PAGE #6

16. In Debtor's Motion to Compel Trustee to bring suit as Real party in Interest (Docket 62), debtor asked this Honorable Court to:

> **GRANT** *Debtor leave to amend the instant petition bankruptcy schedules to include all information regarding the claims timely and properly disclosed to Trustee as laid out above, but not expressly abandoned in Trustee's Notice Of Abandonment Of Property,* **Doc.# 33;**
> **ORDER** *Trustee to appear in 1st Circuit Court of Appeals case 10-1441, and District Court case 09-2199-FAB, in pursuit of Debtor's property interest.*
> *Or alternatively:*
> **ORDER** *Trustee to expressly ABANDON Debtor's property interest in both cases;*
> **GRANT** *Debtor leave to pursue the above property interests on her own.*

17. When Trustee Wigberto Lugo abandons Debtor's property interest in the cases (Docket 99), he did what Debtor's ask in the Motion (Docket 62) that was to abandon the above said cases.

18. In that the undersigned law firm and Chapter 7 Trustee for the Estate of Vicky Rodriguez Torres understood that Dockets 87, 98 and 99 responded to this Honorable Courts Order (Docket 65) to Respond to Debtor's Motion to Compel (Docket 62), since Trustee expressively abandon Debtor's estate property.

**WHEREFORE**, we respectfully request this Honorable Court take notice of the above, and consider Debtor "Motion to Compel Trustee to Bring Suit as Real Party of Interest" (Docket 62) as replied with Chapter 7 Trustee's Opposition to notice of conversion to Chapter 11 (Docket 79) and amendments to Sofa and Schedule B (Docket 87), Trustee's "Opposition to Debtor's Motion to Compel Proof of Authorization, Reply to GDB'S Informative motion and Request for Sanctions" (Docket 98) and/or with Trustee's "Notice of Abandonment (Scheduled Causes of Actions)" (Docket 99) or in the alternative consider Docket 65 as moot in relation to Docket 99.

**I HEREBY CERTIFY**: That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said record.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico this 25th day of October of 2010.

**ARRILLAGA & ARRILLAGA**
Ave. Hostos #430- Altos
Hato Rey, P.R. 00918
Tel. (787) 274-1147/763-7663
Fax (787) 763-7622/754-1644

*/s/Rene Arrillaga Armendariz, Esq.*
USDC-PR-211403
E-mail: arrillagalaw@yahoo.com

*/s/Rafael V. Olivieri-Geigel, Esq.*
USDC-PR 226712
E-mail: lawrog@yahoo.com

*/s/Rafael E. Silva Almeyda, Esq.*
USDC-PR-206901
E-mail: silva.almeyda.law@gmail.com